**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD G. ROBERTSON and
COLLEEN F. ROBERTSON,

        Plaintiffs-Appellants,

v.

FERRY COUNTY, a municipal
corporation; et al.,

        Defendants-Appellees.

No.   15-35561

D.C. No. 2:14-cv-00117-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted August 28, 2017[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and ROTHSTEIN,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Donald and Colleen Robertson ("the Robertsons") appeal the adverse summary judgment grant in their 42 U.S.C. § 1983 and state law action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The Robertsons have not made a "substantial showing" that Deputy Talon Venturo "deliberately or recklessly made false statements or omissions" in the warrant application to search their residence. *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (citation omitted). Accordingly, there was no error in granting summary judgment to Deputy Venturo.

Additionally, to the extent the Robertsons argue the search warrant did not satisfy the Fourth Amendment's particularity requirement, Deputy Venturo is entitled to qualified immunity. *See KRL v. Estate of Moore*, 512 F.3d 1184, 1189 (9th Cir. 2008).

**2.** The Robertsons' request, made for the first time on appeal, to amend their pleadings to add Deputy John Lofts as a defendant in the case has been waived because the Robertsons did not seek leave to amend before the district court. *See Alaska v. United States*, 201 F.3d 1154, 1163-64 (9th Cir. 2000). Moreover, the Robertsons have not shown "good cause" under Federal Rule of Civil Procedure 16 for their failure to comply with the district court's scheduling order deadlines.

Accordingly, there was no error in granting summary judgment on the Robertsons' claim that Deputy Lofts assaulted Colleen Robertson.

3.      The Robertsons have not adduced sufficient evidence creating triable issues of fact as to Sheriff Pete Warner's supervisorial liability or Ferry County and the Ferry County Sheriff's Department's municipal liability. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) (discussing supervisorial liability); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978) (discussing municipal liability). Accordingly, there was no error in granting summary judgment to these defendants.

4.      The Robertsons' claim that searching their residence was improper because Washington state authorized their use of medicinal marijuana fails. At the time sheriff's deputies searched their residence, Washington law only provided an affirmative defense to charges of violations of state law relating to marijuana. *State v. Reis*, 351 P.3d 127, 131 (Wash. 2015). Such an affirmative defense "does not undermine probable cause for a search warrant." *Id.* at 136. Accordingly, there was no error in granting summary judgment on this claim.

       **AFFIRMED.**